UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

**07 CV 3332**

**JUDGE BRIEANT**

------------------------------------------

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor, | : |
| | |
| Plaintiff, | : Civil Action<br>File No. |
| | : |
| v. | |
| Hurtig-Evans International, Inc., a<br>Corporation; HEI, Inc., a Corporation<br>dba Hurtig-Evans Home Care Services;<br>Phillip K.C. Casimir, Individually and<br>as an Officer of Hurtig-Evans<br>International, Inc. and HEI, Inc.;<br>Anisha Kiran Casimir, Individually and<br>as an Officer of Hurtig-Evans<br>International, Inc. and HEI, Inc., | :<br><br>:<br><br>: C O M P L A I N T<br><br>:<br><br>: |
| | |
| Defendants. | : |

------------------------------------------

Plaintiff, ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, et seq.), ("the Act"), alleging that defendants violated sections 7, and 15(a)(2) of the Act.

I

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and 28 U.S.C. Sections 1331 and 1345.

II

Defendant Hurtig-Evans International, Inc. having done business as Hurtig-Evans Homecare Services, is a corporation

duly organized under the laws of the State of New York. Defendant Hurtig-Evans International, Inc. had its principal office and place of business at 514 Main St., Suite 201, New Rochelle, NY 10801 within the jurisdiction of this court, where defendant was engaged in the health care service business.

III

Defendant HEI, Inc. doing business as Hurtig-Evans Home Care Services is a corporation duly organized under the laws of the State of New York. Defendant HEI, Inc. had its principal office and place of business at 3199 Albany Post Road, Buchanan, NY 10511 within the jurisdiction of this court, where defendant was engaged in the health care service business.

IV

Defendant PHILIP K. C. CASIMIR, who resides at 3720 Indian Hill Rd., Shrub Oak, New York within the jurisdiction of this court, is an officer of defendant corporations, was in active control and management of defendant corporations, regulated the employment of persons employed by defendant corporations, acted directly and indirectly in the interest of defendant corporations in relation to the employees, and was thus an employer of the employees within the meaning of section 3(d) of the Act.

2

V

Defendant Anisha Kiran Casimir, who resides at 3720 Indian Hill Rd., Shrub Oak within the jurisdiction of this court, is an officer of defendant corporations, was in active control and management of defendant corporations, regulated the employment of persons employed by defendant corporations, acted directly and indirectly in the interest of defendant corporations in relation to the employees, and was thus an employer of the employees within the meaning of section 3(d) of the Act.

VI

Defendants have employed employees at their places of business in the activities of an enterprise engaged in commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Each corporate enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in each enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the Act.

VII

Defendants in many workweeks willfully and repeatedly have violated the provisions of sections 7 and 15(a)(2) of the Act by

3

employing many of their employees employed in an enterprise
engaged in commerce or in the production of goods for commerce,
for workweeks longer than those prescribed in section 7 of the
Act without compensating the employees for their employment in
excess of the prescribed hours at rates not less than one and
one-half times the regular rates at which they were employed.
Therefore, defendants are liable for unpaid overtime
compensation and an equal amount in liquidated damages under
section 16(c) of the Act, or, in the event liquidated damages
are not awarded, unpaid overtime compensation and prejudgment
interest on said unpaid overtime compensation under section 17
of the Act.

VIII

Defendants since March 1, 2004 willfully and repeatedly
have violated the provisions of the Act as alleged above.


WHEREFORE, cause having been shown, plaintiff prays for
judgment against defendants providing the following relief:


(1) For an injunction issued pursuant to section 17 of the
Act permanently restraining defendants, their officers, agents,
servants, employees, and those persons in active concert or

4

participation with defendant, from violating the provisions of sections 7, and 15(a)(2) of the Act; and

(2) For an order pursuant to section (16)(c), of the Act finding defendants liable for unpaid overtime compensation found due defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional unpaid overtime compensation and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint); or,

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the Act restraining defendants, their officers, agents servants, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

(4) For and order awarding plaintiff the cost of this action; and

(5)   For an order granting such other and further relief as may be necessary and appropriate.

DATED:      April 25, 2007
            New York, New York

                                                _____
                                                JONATHAN L. SNARE
                                                Acting Solicitor of Labor

                                                _____
                                                PATRICIA M. RODENHAUSEN
                                                Regional Solicitor

                                                _____
                                                HAROLD LeMAR
                                                Attorney
                                                HL (5198)

                                                U.S. Department of Labor,
                                                Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 212-337-2095
FAX  212-337-2112