UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor

                                 Plaintiff,                    Case No. 07 CV 3332 (CLB)

        v.

Hurtig-Evans International, Inc., a
Corporation; HEI, Inc., a Corporation
dba Hurtig-Evans Home Care Services;                ECF Case
Phillip K.C. Casimir, Individually and
as an Officer of Hurtig-Evans International,
Inc. and HEI, Inc.; Anisha Kiran Casimir,
Individually and as an Officer of Hurtig-Evans
International, Inc. and HEI, Inc.,

                                 Defendants.
-----------------------------------------------------------------X

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants', HURTIG-EVANS INTERNATIONAL INC, HEI INC d/b/a/ HURTIG-EVANS HOME CARE SERVICES, PHILLIP K.C. CASIMIR AND ANISHA KIRAN CASIMIR (hereinafter referred to as "Defendant"), by and through their undersigned counsel, hereby responds to the allegations contained in Plaintiffs' First Amended Complaint dated April 25, 2007 as follows:

      1.      Defendant denies the allegations contained in paragraph "1" of Plaintiff's Complaint, except admits that Plaintiff purports to cause this Court to have jurisdiction over Plaintiff's claims under the Fair Labor Standards Act, and further denies that Plaintiff has pleaded a claim upon which relief can be granted.

2. Hurtig-Evans International Inc, no longer has its principal office and place of business at 514 Main Street, Suite 201, New Rochelle, New York 10801.

3. Defendant denies allegations contained in paragraphs 5,6,7,8 of Plaintiff's Complaint

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6. Plaintiffs' Complaint fails to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

## AS A FOR A SECOND AFFIRMATIVE DEFENSE

7. At all times relevant hereto, Defendant acted in good faith and did not violate any rights which may be secured to Plaintiffs under federal, state or local laws, rules, regulations or guidelines and, as such, the applicable statute of limitation under the FLSA is two years.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. Defendant believes in good faith and has reasonable grounds for believing that the individuals were exempt from the overtime requirements of the FLSA and as such, cannot recover liquidated damages under the statute Long Island Care at Home v Coke ____ U.S. ____, 127 S. Ct. 2339 (June 2007)

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to satisfy statutory or other prerequisites to suit by the applicable statues of limitation.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. The Complaint is barred, in whole or in part, because Defendant has, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and

2

opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11. The relief sought in the Complaint is barred, in part, because expert witness fees and costs are not recoverable in actions pursued under 29 U.S.C. §216(b).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12. The relief sought in the Complaint is barred, in whole or in part, because the individuals enumerated in Exhibit A are estopped by their own conduct from claiming any damages or any relief against Defendant.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13. To the extent the individuals enumerated in Exhibit A are exempt from eligibility for overtime compensation, they are not entitled to overtime compensation under the FLSA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14. The individual enumerated in Exhibit A have been paid all wages due and, as such, Plaintiff cannot state a claim upon which relief could be granted.

WHEREFORE, Defendant requests that the Court:

a. dismiss with prejudice Plaintiff's Complaint;

b. deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

c. award to Defendant reimbursement for its costs, including attorneys' fees; and,

d. grant such other and further relief as the Court deems just and proper.

Dated: New Rochelle, New York
July 10, 2007

Respectfully submitted,

By: _____
Robert David Goodstein, Esq
Attorneys for Defendant
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914) 632-8382

To: Harold Lemar, Esq
Patricia M. Rodonhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014

4